MARY CLIFTON, plaintiff in error *v.* JOHN L. BOGARDUS, defendant in error.

*Error to Peoria.*

It is a general rule that all persons are competent witnesses who have sufficient understanding, and are not disqualified by interest, crime, or want of a proper sense of moral obligation to speak the truth.

In a trial of the right of property, the defendant in execution is a competent witness for the claimant. The interest which disqualifies, must be in favor of the party calling the witness.

THIS cause was tried at the September Term, 1832, before the Hon. Richard M. Young and a jury, and a verdict rendered for the defendant. To reverse this judgment, Mary Clifton brought a writ of error in this Court.

(1) See notes to 2 Chitty 603, and the authorities there cited.

L. BIGELOW, for the plaintiff in error, cited the following authorities:

2 Stark. Ev. 398, 744 *et seq.*, 751; 3 Stark. Ev. 1355, 1647; Cushman *v.* Loker, 2 Mass. 108; Webster *v.* Lee, 5 Mass. 334; Baker *v.* Prentiss, 6 Mass. 430; Emerson *v.* Prov. Hat Man. Co. 12 Mass. 237; Bland *v.* Ausley, 2 Bos. and Pul. 331; Herbert *et al. v.* Herbert, Breese 278.

T. FORD, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court:(1)

Upon a judgment in favor of the defendant, Bogardus, against Moses Clifton, an execution was issued and levied on property claimed to be the property of Mary Clifton. Upon the trial of the right of property between Mary Clifton and Bogardus, in the Circuit Court, Moses Clifton was called by the plaintiff to support her title; but his testimony was rejected by the Court, because he was the debtor in the execution upon which the property was taken. This is the error relied upon for the reversal of the judgment of the Circuit Court. It is a general rule that all persons are competent witnesses who have sufficient understanding, and are not disqualified by interest, crime, or want of a proper sense of moral obligation to speak the truth. It does not appear from the record of this cause, that any of these objections were applicable to the witness whose testimony was rejected by the Court. His being the debtor(2) against whom the execution was issued, did not make him a party in the trial of the right of property between Bogardus and Mary Clifton; and whatever interest he had in the result of that trial, was against the party producing him. If the decision had been in favor of the claimant, the property upon which the execution was levied, would have become exempt from its operation, and he would have remained liable for its satisfaction. If, on the contrary, it had appeared that the claim was not well founded, the property would have been taken in satisfaction of the execution: a debt for which he was bound would have been satisfied out of the property of a third person, and no legal liability would have been imposed upon him to answer over to that person for its value. The party producing him, was the only one that could have objected to his testimony.

The interest which disqualifies, must be in favor of the party calling the witness. The reverse of this position is true in the present case. The Court, therefore, erred in rejecting the testi-

(1) Browne, Justice, was not present at the argument of this cause.
(2) By the act passed Jan. 30, 1835, it is provided, " that in no case of the trial of right of property," under the laws of this State, "shall the defendant in execution be a competent witness." *Acts of 1835, 56; Gale's Stat. 588.*

mony of the witness, and the judgment must be reversed with costs, and the cause remanded to the Court below.

*Judgment reversed.*